# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

December 20, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JERRY L. MATZ,**
**Claimant Below, Petitioner**

**vs.)   No. 12-0370** (BOR Appeal No. 2046363)
          (Claim No. 2008043380)
          **and**

**No. 12-0371** (BOR Appeal No. 2046355)
          (Claim No. 2011010194)

**SGS NORTH AMERICA, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jerry L. Matz, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. SGS North America, Inc., by Jeffrey B. Brannon, its attorney, filed a timely response.

The first appeal (12-0370) arises from the Board of Review's Final Order dated February 21, 2012, in which the Board affirmed a September 9, 2011, Order of the Workers' Compensation Office of Judges.[1] In its Order, the Office of Judges affirmed the claims administrator's October 20, 2010, Order which denied the reopening of Mr. Matz's 2008 claim on a temporary total disability basis.

The second appeal (12-0371) arises from the Board of Review's Final Order dated February 21, 2012, in which the Board affirmed a September 7, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 22, 2010, Order denying Mr. Matz's new claim and his request for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the cases are mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record

---

[1] On April 23, 2012, this Court granted Mr. Matz's motion to consolidate his two appeals 12-0370 and 12-0371.

1

presented, the Court finds no substantial question of law and no prejudicial error in the first appeal (12-0370). In the second appeal (12-0371) however, the Court finds the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21 (d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Matz was employed as a coal prep technician by SGS North America, Inc. He sustained an injury to his lower back on May 14, 2008, when he slipped and fell on a wet floor. Mr. Matz's claim was held compensable for sprain/strain of the lumbar region and contusion of the back. Mr. Matz filed an application to reopen this claim on September 9, 2010, for temporary total disability benefits. He alleged a progression or aggravation of his compensable injury. Mr. Matz also completed a new application for workers' compensation benefits that alleged he had sustained an injury to his low back while picking up a bag of coal. In regards to his request to reopen his 2008 claim, the claims administrator held that Mr. Matz had failed to provide medical documentation to support an aggravation and/or progression of his compensable injury and denied the reopening of his claim for temporary total disability benefits. In regards to his new claim, the claims administrator denied compensability and his request for temporary total disability benefits.

In the first appeal (12-0370), the Office of Judges held that a preponderance of the evidence failed to establish that Mr. Matz sustained an aggravation or progression of his May 14, 2008, compensable injury. In the second appeal (12-0371), the Office of Judges found insufficient evidence to conclude that Mr. Matz sustained a compensable injury on September 9, 2010. Mr. Matz disagrees and asserts that a preponderance of the evidence establishes that he sustained an aggravation and progression of his May 14, 2008, compensable injury and that he also suffered a new compensable injury while lifting bags of coal on September 9, 2010. SGS North American Inc. maintains that Mr. Matz failed to establish that he suffered either an aggravation or progression of his prior compensable claim or that he suffered a new injury. Mr. Matz's application to reopen his 2008 claim for temporary total disability benefits alleged that he had sustained no other injury. Dr. Grose completed the physician's portion of the application and indicated that Mr. Matz was experiencing low back pain and was unable to get out of bed. Dr. Grose further indicated that Mr. Matz had sustained an aggravation of his compensable injury. Dr. Grose noted that he could not relate Mr. Matz's condition to any job related injuries and that Mr. Matz had not received care for his back since 2008.

Dr. Zahir diagnosed Mr. Matz as suffering from an acute lumbosacral strain and herniated disc L4-5 and L5-S1. Dr. Zahir opined that Mr. Matz was disabled because of his injury. On April 14, 2011, Dr. Mukkamala concluded that there was no evidence of a new injury or aggravation of a previous injury and described Mr. Matz's condition as an exacerbation of pain.

In the first appeal (12-0370), the Office of Judges noted that in 2008 Mr. Matz missed no work, received only minimal treatment, and was awarded no permanent partial disability. The Office of Judges noted that simultaneously Mr. Matz filed a new application for workers'

compensation benefits alleging that he had sustained a new low back injury while picking up sacks of coal. On the new application, the doctor's portion indicated that Mr. Matz sustained a new injury that did not aggravate a prior condition. The Office of Judges found that Mr. Matz did not sustain an aggravation or progression of the May14, 2008, compensable injury. The Board of Review reached the same reasoned conclusion in its decision of February 20, 2012. We agree with the reasoning and conclusions of the Board of Review.

In the second appeal (12-0371), the Office of Judges found insufficient evidence to conclude that Mr. Matz sustained a compensable injury on September 9, 2010. The Office of Judges found credibility issues and a notable lack of corroboration. The Office of Judges found that Mr. Matz fully performing his job duties on September 9, 2010; notwithstanding, the disabling condition he described to Dr. Grose. The Office of Judges noted that Mr. Matz reported that he was working with David Quesenberry and Nicholas Bragg, who both witnessed his incident, yet neither testified on his behalf. The Office of Judges found that a preponderance of the credible evidence failed to establish that Mr. Matz sustained a compensable injury on September 9, 2010. The Board of Review reached the same conclusions.

We disagree and find that the preponderance of the evidence shows that Mr. Matz sustained a new compensable injury. The evidence fails to establish that Mr. Matz sustained an aggravation or progression of his May 14, 2008, compensable injury, but we find that Mr. Matz provided sufficient evidence to establish that he sustained a new compensable injury sometime between September 8, 2010, and September 10, 2010. On September 8, 2010, Mr. Matz notified his supervisor that his back was bothering him. His supervisor made him an appointment with Dr. Grose, who treated Mr. Matz with ice and a TENS unit treatment. Mr. Matz reported that on September 9, 2010, he was lifting sacks of coal when he experienced a sharp pain going up into his shoulder and radiating to his lower extremity. Mr. Matz was taken to Raleigh General Hospital where he was diagnosed with lumbar sprain/strain and injury of other sites of the trunk. More than six months after the September of 2010 injury, Mr. Matz testified that he continued to wear a back brace and that he has not been able to return to work. We remand this claim for further determination of temporary total disability benefits.

For the foregoing reasons, we find that the decision of the Board of Review in regards to Mr. Matz's first appeal (12-0370) is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. In regards to Mr. Matz's second appeal (12-0371), we find that the decision of the Board of Review is clearly the result of erroneous conclusions of law. Therefore, the decisions of the Board of Review are affirmed in regards to his first appeal (12-0370) and reversed and remanded in regards to his second appeal (12-0371).

Affirmed 12-0370
Reversed and Remanded 12-0371

**ISSUED: December 20, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

Justice Robin J. Davis would affirm both Orders